**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 00-40058
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES DAVID BRANAM, also known as Jimmy Branam,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

October 26, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:

James David Branam appeals a fine, imposed as part of his sentence after a guilty plea. We affirm.

Pursuant to a written plea agreement, Branam pleaded guilty to a single count of transportation of a stolen vehicle in violation of 18 U.S.C. § 2312. Four additional counts of sale of a stolen vehicle were dismissed. Branam was sentenced to 35 months'

1

imprisonment, three years' supervised release, and a $3000 fine.

On appeal, Branam contends that the Government violated the plea agreement.[1]  The plea agreement states that:

12. <u>Allocution at Sentencing</u>: The Defendant understands and agrees that:
    (b) the Government shall refrain from recommending that the sentencing judge sentence the Defendant to a particular term of imprisonment or fine, but reserves the right to recommend that the sentence include restitution and some form of imprisonment.  Nothing herein shall be construed to limit the information which the Government provides to the probation officer and Court, legal arguments on the applicability of certain Guideline provisions, or allocution on the sentence the Court should impose within the applicable Guidelines.

The Presentence Investigation Report ("PSR"), to which neither party objected, calculated the Guidelines fine range for Branam's conviction from $3000 to $30,000 and recommended the imposition of a $3000 fine.  The PSR noted that Branam signed a personal financial statement indicating he had no assets or income with which to pay a fine, but that he was trained in air conditioning repair and had worked in the heating and air conditioning business for many years, including owning his own business for about nine years, indicating some ability to pay.  On the other hand, Branam was incarcerated for an unrelated assault conviction at the time of sentencing.  Branam's sentence in this case is to be served consecutively to his state sentence, thus delaying gainful employment for some time.  The Government did not raise the issue

---

[1]We consider whether the Government breached the plea agreement despite an appeal-waiver provision in the plea agreement.  *United States v. Price*, 95 F.3d 364, 366-68 (5th Cir. 1996).

of restitution as the equipment had been returned to the proper owners.

At sentencing, the district court adopted the factual findings and the Guideline calculations set out in the PSR. Branam's counsel stated that he had no objection to the recommended prison term of 35 months but, on the basis of Branam's financial circumstances, urged the district court not to impose a fine. Branam's allocution followed, which consisted of a brief statement that he was trying to change his ways, but included no mention of the fine.

The district court then afforded the Government the opportunity to address the court. The Government stated:

> I would like to address Mr. Monsivais' request that the Defendant not be fined in this case. Your Honor, this case involved the sale of stolen property, stolen heavy tractor equipment. And the Government would point out that the property which Mr. Branam stole, according to the plea agreement, which he admits stealing, is valued at over $130,000.
>     The Government was paying Mr. Branam through its undercover operation for that money. Of course, that's buy money and we're not allowed to get that back as restitution, but we paid over $20,000 for that property and we think that it is fair that Mr. Branam be sentenced to pay a fine as recommended by the probation office of $3000 in this case. We think that fine is wholly appropriate, as we do the sentence recommended by the probation office. And we would simply encourage the Judge to order Mr. Branam to pay the fine.

Branam argues on appeal that the Government's comments at sentencing went beyond an exercise of the right of allocution and constituted an improper recommendation as to the fine he should receive. He contends that the Government breached the plea

3

agreement by arguing for a specific fine of $3000. Branam seeks specific performance of the plea agreement, including an order vacating his sentence and remanding this case for resentencing before a different judge. *See United States v. Palomo*, 998 F.2d 253, 256 (5th Cir. 1993).

The plea agreement included a section setting out specific procedures for determining whether the plea agreement had been breached:

> 13. <u>Procedures for Determining a Breach of the Agreement</u>: In the event a breach is alleged by either party, the party claiming the breach shall provide notice to the other party in writing and afford that party a reasonable opportunity to explain or cure the breach.

Branam did not object to the prosecutor's comment, nor did he comply with that portion of the plea bargain mandating written notice of an alleged breach and an opportunity to cure the breach. Because Branam did not object to the prosecutor's comments, review is for plain error. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994). Even if we find plain error, we will not exercise our discretion to correct a forfeited error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 735-36 (1993). "The Government's breach of a plea agreement can constitute plain error." *United States v. Wilder*, 15 F.3d 1292, 1301 (5th Cir. 1994).

The Government argues that the statement Branam complains

4

about was allocution on the sentence the district court should impose within the applicable Guidelines. The Government specifically reserved its right to allocution in the plea agreement and contends that Branam's argument that he did not have the ability to pay a fine called for a response from the Government. Further, the $3000 figure was the bottom of the Guideline range of $3000 to $30,000 and the same figure recommended by the probation office. The argument might therefore be characterized as urging the district court to fine Branam within the Guideline range or in compliance with the probation office's recommendation, to which Branam had not objected.

Assuming, without deciding, that the Government's statement "encouraging" the district court to impose the fine breached the plea agreement and amounted to plain error, we conclude that it did not seriously affect the fairness, integrity, or public reputation of the judicial system. Branam's failure to comply with the plea agreement's wholly reasonable and specific procedures for determining whether the agreement had been breached convinces us that Branam is not entitled to an order for specific performance of the agreement. We therefore decline to correct any plain error that may exist.

Branam next claims that the district court erred in assessing a fine because he had demonstrated that he did not have the financial ability to pay a fine. The Government notes that Branam failed to object to the fine and argues that it was appropriate.

5

As part of the plea agreement, Branam waived "any appeal, including collateral appeal under 28 U.S.C. § 2255, of any error which may occur surrounding the substance, procedure or form of the conviction and sentence in this case" with the exception of Sentencing Guidelines determinations. A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The record in this case dictates the conclusion that Branam validly waived his right to appeal. Therefore, he may not challenge the propriety of the district court's decision to impose a $3000 fine as part of his sentence.

Based on the foregoing we affirm Branam's sentence.

AFFIRMED.