UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50621
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

KARINA MANRIQUEZ-ZAPIEN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(DR-01-CR-100-5)

_____

February 21, 2002

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Karina Manriquez-Zapien ("Manriquez") pled guilty to conspiring to possess with intent to

distribute more than five kilograms of cocaine. Her plea agreement incorporated an agreed

factual basis in support of the agreement. Manriquez also agreed to cooperate fully and truthfully

with the Government, and the Government, in turn, agreed not to use against Manriquez anything

that she said during questioning by law enforcement agents or attorneys unless she committed

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

perjury or made false or intentionally misleading statements. The plea agreement further provided that, pursuant to the U.S. Sentencing Guidelines Manual § 1B1.8, no information that Manriquez provided pursuant to the agreement would be used to enhance her guideline range. However, nothing in the plea agreement restricted the probation office's or the court's access to the information and records in the Government's possession.

Manriquez's presentence report identified her total offense level as 31, her criminal history category as I, and her guideline imprisonment range as 108–135 months. The report further noted that Manriquez had satisfied the objective criteria for a downward departure for aberrant behavior pursuant to U.S.S.G. § 5K2.20.

In her motion for the downward departure for aberrant behavior, Manriquez made several statements to the court concerning her lack of a criminal history. For example, she stated that "[t]his escapade was the first and only criminal activity in which she has been involved . . . ." R. at 55. She also noted that "[s]he had never been involved in drug smuggling activities," R. at 55, and that her involvement here "clearly represents a deviation from an otherwise law-abiding if not an exemplary life . . . . " R. at 59.

At sentencing, the Government consented to a downward departure of one offense level for aberrant behavior, but it would agree to no more than one. The district court wished to see the parties agree to more than a one-level departure based on Manriquez's apparent lack of a criminal past. After a recess, the court again pressed for a more generous departure, and the Government informed the court that Manriquez had admitted in debriefings that she had moved drugs for the same organization on at least one other occasion. When questioned by the court, counsel for Manriquez conceded the statement. They did not object to the Government's

disclosure at that time.

Noting that it had been prepared to consider Manriquez's criminal activity as aberrant behavior, the district court found that Manriquez's admission foreclosed that possibility. The court then sentenced her to 97 months in prison.

In her appeal, Manriquez argues that the Government violated the plea agreement by disclosing at the sentencing hearing information obtained during a debriefing session. She further argues that the Government's violation requires this Court to vacate her sentence and remand her case to the district court for re-sentencing. For the following reasons, we affirm the sentence imposed by the district court.

Whether the government's conduct violated a plea agreement is a question of law and generally subject to de novo review. *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996). Nevertheless, Manriquez failed to object to the alleged breach before the district court. Thus, the review is for plain error only. *See United States v. Branam*, 231 F.3d 931, 933 (5th Cir. 2000). "Although the Government's breach of a plea agreement can constitute plain error, we will not exercise our discretion to correct a forfeited error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001) (internal quotations and citations omitted).

The Government's disclosure did not violate its promise not to use against Manriquez information she provided to law enforcement agents or attorneys. That promise was conditioned on Manriquez not making any false or intentionally misleading statements. In her motion for downward departure, Manriquez made several statements that intentionally misled the court into believing that she had never before been involved in drug smuggling. Thus, the Government was

no longer bound to its promise.

Further, the fact that Government's disclosure provided the court with facts beyond the agreed factual basis in support of the plea agreement is of no consequence. The factual basis is simply a statement of facts that the Government would have proven had the case gone to trial; it does not constitute the universe of information available to the court. In fact, the plea agreement itself expressly stated that it did not restrict the court's access to information possessed by the Government.

Finally, the Government's disclosure did not breach its promise made pursuant to U.S.S.G. § 1B1.8 not to use information provided in accordance with the plea agreement to enhance Manriquez's guideline range. Section 1B1.8(a) provides that:

> [w]here a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

The court did not use the information disclosed by the Government to determine or enhance Manriquez's applicable guideline range. Rather, the court used the information to decide whether she should receive more than the agreed one-level downward departure for aberrant behavior.

We find that the Government did not violate its plea agreement with Manriquez. Thus, we find no error, clear or otherwise, in the proceedings below.

AFFIRMED.