IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40164
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY DUANE PRYOR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CR-37-1
--------------------
March 27, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Tracy Duane Pryor appeals his guilty-plea conviction for possession with intent to distribute methamphetamine and his sentence. He argues that the waiver-of-appeal provision in his plea agreement is not enforceable because the magistrate judge and district court did not advise him of the waiver provision, and instead advised him that he could appeal any aspect of his sentence. Although the Government summarized the terms of the plea agreement, including the waiver provision, at the rearraignment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing, the magistrate judge did not advise Pryor that he was waiving his right to appeal and advised him that he or the Government may have the right to appeal the sentence imposed. Because the magistrate judge did not advise Pryor of the waiver-of-appeal provision, the waiver is not enforceable. See United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999).

Pryor argues that his guilty plea was not knowing and voluntary because the magistrate judge did not advise him that he was agreeing to provide substantial assistance to the Government in return for a reduction in his sentence from the 121-151 month sentencing range to the 120-month statutory minimum sentence. The record indicates that Pryor was advised of the statutory minimum and maximum sentences for the offense and that his guilty plea was voluntary and not the result of promises or threats outside of the plea agreement. Rule 11 of the Federal Rules of Criminal Procedure did not require the magistrate judge to advise Pryor further that if he provided substantial assistance, his sentence could only be reduced to 120 months.

Pryor argues that the Government breached the plea agreement by not filing a motion pursuant to 18 U.S.C. § 3553(e) which would have allowed the district court to impose a sentence below the statutory minimum sentence. Because Pryor did not raise this argument in the district court, review is limited to plain error. See United States v. Branam, 231 F.3d 931, 933 (5th Cir. 2000). The plea agreement provided that the Government may file a motion for a downward departure under either U.S.S.G. § 5K1.1 motion or Rule 35 of the Federal Rules of Criminal Procedure. The plea agreement

did not provide or require that the Government file a motion for a downward departure under 18 U.S.C. § 3553(e). The Government complied with the plea agreement by filing a U.S.S.G. § 5K1.1 motion, and did not breach the plea agreement by failing to file a motion under 18 U.S.C. § 3553(e).

AFFIRMED.