IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40926
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DONNELL YOUNG, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CR-61-ALL
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Donnell Young, Jr., appeals following his guilty-plea

conviction and sentence for possession of more than five grams of

cocaine base with intent to distribute.  Young argues that the

district court erred in denying his motion to withdraw his guilty

plea based on the Government's breach of his plea agreement.

Young's primary contention is that the Government breached the

plea agreement by failing either to move for a downward departure

-------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

under U.S.S.G. § 5K1.1 or to make a motion for reduction of sentence pursuant to FED. R. CRIM. P. 35(b). Because under the terms of the plea agreement the Government retained the sole discretion to file such motions, "its refusal to file is reviewable only for unconstitutional motives such as the race or religion of the accused." United States v. Aderholt, 87 F.3d 740, 742 (5th Cir. 1996). Young has made no argument that the Government's exercise of its discretion was rooted in an unconstitutional motive.

Young also argues that the Government breached the plea agreement by failing to recommend a sentence of imprisonment at the lower end of the range determined by the sentencing guidelines. Because Young did not object to the Government's sentencing recommendation in the district court, our review is for plain error. See United States v. Branam, 231 F.3d 931, 933 (5th Cir. 2000). The record shows that, irrespective of the Government's recommendation, Young's sentence of imprisonment was at the lower end of the guideline range. Young has not shown that the Government's failure to recommend a sentence of imprisonment at the lower end of the range determined by the sentencing guidelines affected his substantial rights. He has therefore not shown plain error. See id.

AFFIRMED.