**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20381**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**AIBIOKUNLA UZEBU,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas, Houston Division**
**00-CR-347-1**
_____

July 11, 2002

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Aibiokunla Uzebu was indicted on two counts of bank fraud and three counts of making false statements. Uzebu pled guilty to one count of making false statements, in violation of 18 U.S.C. § 1001. In consideration for Uzebu's guilty plea, the Government agreed to move to dismiss the four remaining counts. Uzebu was sentenced to 27 months' imprisonment and 3 years' supervised release and ordered to pay $61,283.74 in restitution.

Uzebu contends that the Government breached the written plea agreement when, at sentencing, the Government failed to request

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a dismissal of the four remaining counts. "We consider whether the Government breached the plea agreement despite an appeal-waiver provision in the plea agreement." United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000).

The Government concedes that it did not request dismissal of the remaining counts, that it breached the plea agreement, and that the district court did not dismiss the four remaining counts. The Government insists, however, that Uzebu's substantial rights have not been affected by the error because the Government "has foresworn prosecution of the remaining counts." Uzebu believes he is entitled to have the judgment in this case accurately reflect the terms of the agreement he reached with the Government.

When the Government has materially breached a plea agreement, this court usually vacates the sentence and remands for resentencing in accordance with the terms of the agreement. See, e.g., United States v. Valencia, 985 F.2d 758 (5th Cir. 1993). In this case, however, resentencing is not warranted, as neither party disputes the validity of the conviction on Count Three or the sentence imposed by the district court. The only flaw in the judgment is that it does not indicate that Counts One, Two, Four, and Five were dismissed at the request of the Government.

The judgment is therefore AFFIRMED AS MODIFIED. The case is REMANDED for the district court to enter a corrected judgment reflecting a dismissal of the four remaining counts.