United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50410

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

TIMOTHY DONNELL ROBINSON

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas, Waco

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Timothy Donnell Robinson seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. For the following reasons, we DENY Robinson a certificate of appealability on his claims of breach of plea agreement and ineffective assistance of counsel.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

On January 16, 2003, Robinson entered into a plea agreement by which he pled guilty to one count of "knowingly and unlawfully possessing a firearm [on December 7, 2000] that had moved in interstate commerce while being a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of [18 U.S.C. §§] 922(g)(1) and 924(a)(2)."

In exchange for Robinson's plea, the government agreed in the plea agreement to refrain from prosecuting him for other violations of Title 18 of which the United States was then aware that he may have committed in the Western District of Texas. The plea agreement stated that Robinson was "aware that his sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements, which may be up to the maximum allowed by statute" for his offense. In addition, the agreement provided that Robinson "voluntarily and knowingly waive[d] his right to appeal his sentence on any ground . . . ; provided, however, that this waiver does not extend to his right to appeal any upward departure pursuant to U.S.S.G. § 5K2.0 from the Guideline range found by the district court." Pursuant to the plea agreement, Robinson also:

> knowingly and voluntarily waive[d] his right to contest his sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, . . . consistent with principles of professional responsibility imposed on [Robinson's] counsel and counsel for the Government, [Robinson did] not waive his right to challenge his sentence to the extent that it is the result of a violation of his constitutional rights based on claims

-2-

of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

Finally, the plea agreement stated that Robinson "waive[d] his rights to challenge the sentence imposed, knowing that the Court has not yet determined his sentence" and knowing "that he cannot challenge the sentence imposed . . . even if it differ[ed] substantially from any sentencing range estimated by his attorney, the attorney for the Government, or the Probation Officer."

On the same day that Robinson entered into the plea agreement, he appeared before the district court for rearraignment, where he was represented by counsel. During those proceedings, the district judge explained to Robinson that he was charged with one count of possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district judge further explained that "[t]he maximum punishment for that offense is ten years of incarceration followed by three years of supervised release, a fine of up to a quarter of a million dollars and a $100 mandatory assessment under the Victims of Crime Act." See 18 U.S.C. § 924(a)(2) (2000). Robinson indicated that he understood the maximum penalty that he might receive, and after the court reviewed the material terms of the plea agreement, Robinson stated that he understood the agreement and approved of it knowingly and voluntarily.

In preparation for sentencing, the Probation Office issued a

-3-

presentencing report (the "PSR"), which recommended that Robinson's adjusted offense level be set at twenty-seven. The PSR initially recommended a base offense level of twenty-four because Robinson committed the crime of conviction (felon in possession of a firearm) after previously having been convicted of aggravated assault (a crime of violence) and distribution of crack cocaine (a controlled substance offense). See U.S. SENTENCING GUIDELINES MANUAL § 2K2.1 (2003).[1] The PSR then recommended adding two levels pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the probation officer determined that the offense involved three firearms. Specifically, the probation officer found that Robinson possessed a firearm on November 11, 2000, December 7, 2000 (the crime of conviction), and June 9, 2001. Furthermore, the PSR recommended adding four levels pursuant to U.S.S.G. § 2K2.1(b)(5) because Robinson used a firearm in connection with another felony offense. Specifically, the probation officer found that Robinson had used firearms in connection with aggravated assaults when he shot at other individuals on November 11, 2000 and June 9, 2001. The PSR also recommended that Robinson's offense level be reduced by three levels for his acceptance of responsibility and his timely notification of his intention to plead guilty. Thus, the PSR recommended that, on balance, Robinson's base offense level of

_____

[1] The U.S. SENTENCING GUIDELINES MANUAL is hereinafter referred to as the "Sentencing Guidelines" and cited as "U.S.S.G."

twenty-four be increased to a final adjusted offense level of twenty-seven.

Moreover, the PSR recommended that Robinson be assigned nineteen criminal history points for the numerous offenses he had previously committed. This put him in a criminal history category of six, which is the highest criminal history category under the Sentencing Guidelines. The PSR noted that the total recommended period of incarceration under the applicable Sentencing Guidelines for an offense level of twenty-seven and a criminal history category of six was 130 to 162 months.

On March 26, 2003, Robinson appeared before the district court for sentencing. Robinson's counsel argued that the PSR's addition of two levels to Robinson's offense level was improper because the two other firearms that Robinson allegedly possessed were not in his possession during the crime of conviction. Furthermore, Robinson's counsel argued that the possession of the firearm during the crime of conviction (i.e., possession on December 7, 2000) was not committed in connection with the commission of another felony (i.e., it was not committed in connection with the two incidents of aggravated assault that occurred on November 11, 2000 and June 9, 2001).

After hearing the testimony of an officer of the Waco Police Department regarding the two other incidents of firearm possession, the district court concluded that the government had met its burden to show by a preponderance of the evidence that

-5-

Robinson possessed the firearms on those occasions.  The court therefore added two levels to his offense level under U.S.S.G. § 2K2.1(b)(1)(A).  However, the court granted Robinson's objection to the addition of four levels under U.S.S.G. § 2K2.1(b)(5) because it agreed "out of an abundance of caution" that the crime of conviction was not itself committed in connection with the incidents of aggravated assault.

Accordingly, the district court lowered the offense level from the PSR's recommended level of twenty-seven to twenty-three. The court determined that the sentencing range for an offense level of twenty-three and a criminal history category of six is 92 to 115 months imprisonment.[2]  The court imposed a sentence of 115 months incarceration followed by three years of supervised release, a fine of $1,000, and a $100 mandatory assessment.

Robinson did not file a direct appeal of his sentence. However, he timely filed a pro se petition for habeas relief with the district court under 28 U.S.C. § 2255.  In evaluating Robinson's pro se petition, we liberally construe his § 2255 motion and supporting brief in the light most favorable to him. See, e.g., Castro Romero v. Becken, 256 F.3d 349, 354 n. 2 (5th Cir. 2001) (noting the long-standing rule that pro se pleadings

---

[2]  The court also noted that had it granted Robinson's other objection and not added the two additional levels for the two other firearm violations, the court would have been persuaded by Robinson's extensive criminal history to depart upwardly from the Sentencing Guidelines to arrive ultimately at the same sentencing range.

must be construed liberally).  Accordingly, we recognize that

Robinson argued two overlapping grounds for relief in his habeas

petition.  First, he argued that he was denied his right to

effective assistance of counsel because his attorney failed to

file a direct appeal after he allegedly requested that the

attorney do so.[3]  Specifically, Robinson claimed that his

attorney should have appealed his sentence because: (1) the

government violated the plea agreement because the PSR

recommended, and the Assistant United States Attorney (the

"AUSA") advocated at sentencing, that the court enhance

Robinson's sentence for relevant conduct (i.e., the two other

firearm violations), whereas the plea agreement stated that the

government would not prosecute him for any violations of Title 18

other than the firearm possession on December 7, 2000;[4] and

(2) his sentence exceeded the statutory maximum because his total

punishment would last longer than ten years since he would be

---

[3]  In his § 2255 motion filed in the district court,
Robinson listed "[i]neffective assistance of counsel" as ground
one for relief, stating that "counsel failed to appeal to the
court of appeals."

[4]  In his Memorandum of Law supporting his § 2255 motion,
Robinson stated:

> At sentencing, petitioner was sentenced for two other
> weapons that he was never charged with, nor convicted
> for.  Petitioner informed counsel to appeal this issue
> to the court of appeals because the government has
> violated the terms of the Plea-Agreement, counsel never
> filed the notice of appeal, nor did he file a brief as
> required by Anders [v. California, 386 U.S. 738
> (1967)].

imprisoned for 115 months (i.e., nine years and seven months) and then under supervised release for an additional three years. Second, Robinson argued that the government breached the plea agreement by requesting a sentencing enhancement and that, accordingly, he was not bound by the plea agreement's terms, including the appeal-waiver.[5] Robinson requested specific performance of the plea agreement, i.e., that he be sent back to the district court for resentencing pursuant to the plea agreement; he did not argue that the plea agreement should be invalidated.

On March 16, 2004, the district court denied Robinson's § 2255 motion. The court first held meritless Robinson's claim that his sentence exceeded the statutory maximum, noting that the three-year period of supervised release is not included in the statutory maximum period of imprisonment. Next, the court responded to Robinson's claim that the government breached the plea agreement by recommending an enhancement of his sentence for the two firearms violations for which he was never charged and to

_____

[5] In his § 2255 motion, Robinson lists "Breach of Plea-Agreement" as ground two for relief, stating that "[t]he government breached its [p]lea-[a]greement with petitioner." In his Memorandum of Law, Robinson states:

> Both the government and petitioner agreed that the charge in the indictment w[as] the lone charge that petitioner was pleading guilty to. . . . Clearly petitioner was not bound by the agreement once the government asked for a sentence that was not contained in the agreement. The government in effect modified the terms of the agreement.

which he did not plead guilty, stating that Robinson was not actually sentenced for these violations but rather the violations were taken into account as relevant conduct in determining his sentence for the December 7, 2000 violation. The court also explained that the consideration of the other violations as relevant conduct under the Sentencing Guidelines was appropriate under Fifth Circuit precedent. Finally, the court rejected Robinson's argument that he was denied effective assistance of counsel when his attorney failed to file an appeal, stating that Robinson waived his right to appeal in his plea agreement and that the appeal would therefore have been fruitless. Accordingly, the district court denied Robinson's § 2255 motion for habeas relief.

Robinson timely filed a notice of appeal and requested a certificate of appealability ("COA") from the district court. The district court denied his request. Robinson now seeks a COA from this court on his claims of "ineffective assistance of counsel, denial of appeal as [of] right and breach of plea agreement."[6]

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act

---

[6] The government initially did not respond to Robinson's COA request. After being ordered to file a brief with this court, the government produced a largely unhelpful brief.

(AEDPA),[7] a federal habeas petitioner may appeal a district court's dismissal of his § 2255 motion only if the district court or the court of appeals first issues a COA. 28 U.S.C. § 2253(c)(1)(B) (2004); FED. R. APP. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (explaining that a COA is a "jurisdictional prerequisite" without which "federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners"). "[W]hen a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition, the court of appeals should limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El, 537 U.S. at 327 (citing Slack v. McDaniel, 529 U.S. 473, 481 (2000)). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." Id. at 336.

A COA will be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S.

---

[7] AEDPA applies because Robinson filed his § 2255 habeas petition on November 24, 2003, well after AEDPA's effective date of April 24, 1996. See Fisher v. Johnson, 174 F.3d 710, 711 (5th Cir. 1999).

at 327 (citing <u>Slack</u>, 529 U.S. at 484).  In other words, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Id.</u> at 338.  Hence, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  <u>Id.</u> at 342.  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  <u>Id.</u> at 338.

## B.  Analysis

As noted previously, in his pro se application for a COA, Robinson advances interrelated claims that he was denied his rights both to appeal and to effective assistance of counsel and that the government breached the plea agreement.  Specifically, he avers that his attorney was ineffective because he failed to file an appeal even though Robinson requested that he do so. Robinson asserts that, although he signed a plea agreement waiving his right to appeal, his attorney should have appealed his sentence upon his request on the ground that the government breached the plea agreement when it asked the district court to enhance his sentence for relevant conduct.[8]  Robinson claims that

---

[8]  Robinson's COA application to this court mentions neither his argument that his sentence exceeded the statutory maximum nor his argument that his counsel was ineffective for failing to appeal on that particular ground.  We therefore consider those arguments waived.  <u>Hughes v. Johnson</u>, 191 F.3d 607, 613 (5th Cir. 1999) (noting that issues not raised in the brief in support of a

he is entitled to specific performance of the terms of the plea agreement because the government breached that agreement. Moreover, Robinson argues that he is not bound by the plea agreement's appeal-waiver because of the government's breach.[9] The district court denied Robinson's ineffective-assistance-of-counsel claim in his § 2255 motion on the ground that Robinson waived his right to appeal in his plea agreement. The court also rejected Robinson's argument that the government breached the plea agreement because the PSR recommended a sentencing enhancement for relevant conduct and the AUSA defended that recommendation at the sentencing proceedings.

Turning first to the district court's determination that the government did not breach the plea agreement and that Robinson was therefore bound by his appeal-waiver, we find that the district court's decision is not debatable among jurists of reason. A claim that the government breached the terms of a plea agreement implicates constitutional due process concerns. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994) ("If the government breaches express or implied terms of a plea agreement, a violation of due process occurs.") (citing Mabry v. Johnson, 467 U.S. 504, 509 (1984)); United States v. Goldfaden,

---

COA application are waived).

[9] We note the inherent tension between Robinson's arguments that he is not bound by the plea agreement's waiver provision and that he is, at the same time, entitled to specific performance of the plea agreement.

959 F.2d 1324, 1328 (5th Cir. 1992). "If a guilty plea is entered as part of a plea agreement, the government must strictly adhere to the terms and conditions of its promises." United States v. Valencia, 985 F.2d 758, 760 (5th Cir. 1993). Furthermore, if a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971).

The plea agreement at issue here indicates that the government agreed not to prosecute Robinson for any crimes other than the December 7, 2000 firearm violation. Robinson argues that because the PSR recommended that the district court consider relevant conduct in determining his sentence and because the AUSA defended that recommendation at sentencing, the government breached that agreement. This argument is plainly invalid. "In determining whether the terms of a plea agreement have been violated, the court must determine whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." Valencia, 985 F.2d at 761. Any reasonable understanding of the plea agreement would reveal that the government was bound not to prosecute Robinson for any other violation of Title 18 of which it was then aware. The government did not agree not to argue for any sentencing enhancement for the crime to which Robinson pled guilty, and the government's position in support of the district court's consideration of

-13-

relevant conduct obviously did not constitute an additional prosecution of Robinson for other violations of Title 18.[10] Thus, the district court's conclusion that the government did not breach the plea agreement and that Robinson is bound by the plea agreement's waiver of his right to appeal his sentence is not debatable among jurists of reason. Accordingly, Robinson's request for a certificate of appealability to challenge the district court's conclusion on this ground is denied.

Robinson also requests a COA on his ineffective-assistance-of-counsel claim, through which he seeks to challenge the district court's decision that he was not denied effective assistance of counsel when his lawyer failed to file a notice of appeal covering his claim that the government breached the plea agreement. However, we need not reach this issue where, as here, the defendant has already received all the relief to which he may be entitled regarding the appeal of his sentence following his guilty plea. If Robinson's counsel should have filed an appeal claiming breach of the plea agreement,[11] and if the district

---

[10] Moreover, the district court's conclusion that the consideration of the relevant conduct was proper under Fifth Circuit precedent is not debatable among jurists of reason. See United States v. Brummett, 355 F.3d 343, 344-45 (5th Cir. 2003) (per curiam), cert. denied, 124 S.Ct. 2053 (2004) (holding that the district court properly considered a defendant's possession of firearms on occasions other than the crime of conviction as relevant conduct warranting enhanced sentencing because the additional offenses were sufficiently similar and close in time to deem them part of an ongoing series of offenses).

[11] We note that if a defendant instructs his court-appointed attorney to file an appeal but the attorney believes

-14-

court's conclusion that his counsel was not ineffective in failing to file such an appeal is debatable because the grounds for the appeal were not barred by the appeal-waiver,[12] the remedy in habeas would be to grant an out-of-time appeal. See, e.g., United States v. West, 240 F.3d 456, 459-61 (5th Cir. 2001); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982) ("[F]ailure of counsel to timely file an appeal upon request of the defendant . . . would constitute ineffective assistance of

---

that the requested appeal is wholly frivolous, the attorney may so advise the court and request permission to withdraw. See Anders v. California, 386 U.S. 738, 744 (1967). However, the attorney's request should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id.

[12] As noted above, the district court held that Robinson's counsel was not ineffective for failing to file an appeal because Robinson waived his right to appeal in the plea agreement. This court has repeatedly held that a defendant may waive his right to appeal as part of a plea agreement so long as the waiver is informed and voluntary. E.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). However, in this circuit, we permit a direct appeal claiming that the government breached the plea agreement even where the defendant waived his right to appeal. See United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (per curiam) (noting, in a direct appeal in which the defendant sought resentencing and specific performance of a plea agreement, that "[w]e consider whether the [g]overnment breached the plea agreement despite an appeal-waiver provision in the plea agreement"); United States v. Price, 95 F.3d 364, 366-69 (5th Cir. 1996) (per curiam) (resolving the merits of the defendant's appeal on the ground that the government breached the plea agreement and that he was therefore entitled to specific performance of the plea agreement, without addressing the effect of the defendant's waiver of any right to appeal his sentence); see also United States v. Brown, 96 Fed. Appx. 570, 572 (10th Cir. Apr. 22, 2004) (unpublished) ("A defendant's waiver of appellate rights does not bar the defendant from arguing on appeal that the government breached the plea agreement.").

counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal."). Here, however, the district court has already effectively given Robinson a direct appeal on his breach-of-the-plea-agreement claim, which was fully cognizable in the § 2255 proceeding, and the court has ruled against him. Thus, we need not explore the dimensions of Robinson's claim that his attorney was ineffective for failing to file a notice of appeal because he has already been accorded all the relief available to him. Cf. Barrientos, 668 F.2d at 842-43. We therefore deny Robinson's request for a COA on his ineffective-assistance-of-counsel claim.

## III. CONCLUSION

For the foregoing reasons, we DENY Robinson's application for a COA.