# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-51195
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 25, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LAURA PATRICIA LOPEZ ALFARO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:06-CR-102-2

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Laura Patricia Lopez Alfaro appeals her sentence for possession with in-tent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Lopez Alfaro as-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serts that the waiver of appeal in her plea agreement is invalid because the government breached the plea agreement. She contends that the government violated U.S.S.G. § 1B1.8 and, consequently, the plea agreement when it used statements she made during debriefing to oppose her request for an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Lopez Alfaro further contends that the district court erred in failing to grant an acceptance adjustment, because she pleaded guilty, agreed with the factual resume, and debriefed for the government. Lopez Alfaro's arguments are unavailing.

This court considers whether the government breached a plea agreement even if, as here, the agreement contains an appeal wavier provision. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000). We ordinarily review de novo whether the government has breached a plea agreement. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). Because Lopez Alfaro did not argue breach in the district court, however, review is for plain error. See id.

To show plain error, Lopez Alfaro must demonstrate "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected [her] substantial rights. When these elements are present, [this Court] may exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002) (internal quotation and citation omitted). We apply the general principles of contract law to interpret the terms of a plea agreement. Hentz v. Hargett, 71 F.3d 1169, 1173 (5th Cir. 1996).

Lopez Alfaro contends that the government violated § 1B1.8 and, consequently, the plea agreement when it used statements she made during debriefing to oppose her request for an adjustment for acceptance of responsibility under § 3E1.1. The government informed the district court that Lopez Alfaro had been uncooperative during debriefing because she refused to identify certain financial institutions. Thus, the government did not disclose facially self-incriminating information as prohibited by §1B1.8. There was no error that is plain or

obvious. Accordingly, because the government did not violate § 1B1.8, it did not breach the plea agreement.

Lopez Alfaro's reliance on United States v. Keresztury, 293 F.3d 750, 755-57 (5th Cir. 2002), in support of her argument that the government improperly relied on her debriefing statements is misplaced. The government did not make any specific promises in the plea agreement regarding an adjustment for acceptance of responsibility under § 3E1.1. Thus, the government did not breach an express provision of the agreement when it opposed an adjustment for acceptance of responsibility.

Because Lopez Alfaro has failed to establish that the government breached the plea agreement, the waiver of appeal is enforceable and bars the appeal. Accordingly, the judgment is AFFIRMED.