REVISED MARCH 26, 2010
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

Charles R. Fulbruge III
Clerk

No. 09-10472
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEARL DUANE ADAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:08-CR-12-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dearl Duane Adams appeals his guilty plea conviction and sentence for conspiring to manufacture methamphetamine. See 21 U.S.C. § 846. He argues several points of error, none of which were raised in the district court. Accordingly, his arguments are subject to review for plain error only. United States v. Vonn, 535 U.S. 55, 58–59 (2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Adams argues that the district court erred by accepting his guilty plea because his plea agreement was void for lack of consideration. He also argues that his plea was obtained in violation of his due process rights and Federal Rule of Criminal Procedure 11 because the district court and magistrate judge failed to assure that it was knowingly and voluntarily entered. Citing his plea agreement's alleged lack of consideration, Adams complains that he did not understand the scope of the Government's promises and that the magistrate judge failed to advise him that he obtained no benefits under the plea bargain.

This court has never expressly held that consideration is required to support a valid plea bargain. United States v. Smallwood, 920 F.2d 1231, 1239 (5th Cir. 1991). Moreover, Adams's arguments discount the Government's promise in the plea agreement to advise the sentencing court of the extent of Adams's cooperation. As that promise bound the Government to do something it was not otherwise required to do, Adams has not shown that his bargain lacked consideration. His arguments do not establish error, plain or otherwise.

Adams next contends that his guilty plea was not knowingly and voluntarily entered because the magistrate judge advised him during the rearraignment hearing that the degree of his cooperation during his presentence interview would affect the severity of his sentence. However, Adams has not established that the statement, made after he entered his plea, had any bearing on his decision to plead guilty. Cf. United States v. Melancon, 972 F.2d 566, 568 (1992) (holding that statements made at sentencing, after the defendant entered his plea, could not have influenced the defendant's decision to plead guilty).

Finally, Adams contends that the magistrate judge's same statement constituted structural error because it prevented him from exercising his Fifth-Amendment right against self-incrimination. Adams has not established that the statement, referencing the fact that Adams's offense level could be reduced pursuant to § 3E1.1(a) for acceptance of responsibility, conveyed to him

that he was compelled to give up that right.  See United States v. Kleinebreil, 966 F.2d 945, 953–54 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.