# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50852
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL ALFONSO ELIAS-LUJAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:14-CR-159-4

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Pursuant to a plea agreement, Samuel Alfonso Elias-Lujan (Elias) pleaded guilty to aiding and abetting the possession with intent to distribute marijuana and was sentenced to 60 months in prison and a five-year term of supervised release. He now appeals, arguing that his plea agreement was breached due to misleading language in the plea agreement regarding the safety-valve reduction and, as a result, the appellate waiver is unenforceable.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50852

The signed plea agreement and rearraignment transcript show that Elias freely and knowingly waived his appellate rights. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Elias's claim that his plea agreement was breached survives the waiver. *See United States v. Keresztury*, 293 F.3d 750, 755-57 (5th Cir. 2002). Nevertheless, this argument, which is reviewed for plain error only, is unavailing because the plea agreement clearly states that Elias must satisfy U.S.S.G. § 5C1.2(a)(1)-(4) to be considered for the safety valve reduction and the reduction was denied because Elias did not qualify for it due to his criminal history. *See United States v. Branam*, 231 F.3d 931, 933 (5th Cir. 2000).

To the extent that Elias argues that the prosecutor committed misconduct by presenting the plea agreement to him even though the prosecutor knew that Elias would not qualify for the safety-valve reduction, Elias cannot show plain error because he has not shown that the prosecutor acted improperly or took action that rendered the proceedings unfair. *See Smith v. Phillips*, 455 U.S. 209, 219 (1982); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Finally, to the extent that Elias argues that the plea agreement or appeal waiver is invalid because the agreement lacked consideration, he cannot establish that the district court plainly erred in accepting the agreement as this court has never expressly held that consideration is required to support a valid plea bargain. *See United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991); *United States v. Adams*, 369 F. App'x 621 (5th Cir. 2010). The judgment of the district court is therefore AFFIRMED.