# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO MURILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CR-34-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Murillo was convicted of one count of distribution of methamphetamine and sentenced to serve 188 months in prison and a three-year term of supervised release. Now, he argues that the Government breached the plea agreement when it relied upon certain information gleaned from him in its arguments in response to his request for a sentencing variance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11252

As Murillo concedes, this claim is reviewed for plain error only due to his failure to raise it in the district court. *United States v. Branam*, 231 F.3d 931, 933 (5th Cir. 2000). To show plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the defendant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In determining whether the Government breached a plea agreement, this court asks if the Government acted in accordance with a "reasonable understanding of the agreement." *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014) (internal quotation marks and citation omitted). Because the Government drafts the plea agreement, it is construed strictly against that party, but the defendant still must show a breach by a preponderance of the evidence. *Id.*

The disputed information is not protected by the plea agreement, nor did the Government use it in a manner forbidden under the agreement. Accordingly, Murillo has not shown error, plain or otherwise, in connection with his claim that the Government breached the agreement. *See Purser*, 747 F.3d at 290.

AFFIRMED.